IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LORD TRUTH-SCHOCKALAH ALLAH,  )
        Plaintiff,  )
vs.  ) Case No. CV 96-S-3096-S
ROY HIGHTOWER; et al.,  )
        Defendants.  )

**ENTERED**
**JUL - 8 1997**

### MEMORANDUM OPINION

On November 26, 1996, plaintiff filed his *pro se* action under 42 U.S.C. § 1983 against 31 specific defendants, all but one of whom are officers or employees of the Alabama Department of Corrections. His complaint consists of 75 paragraphs, which singularly or in combination attempt to state claims against these defendants. On February 10, 1997, the magistrate judge undertook the task of screening the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, as well as 42 U.S.C. § 1997e(c). The magistrate judge grouped plaintiff's claims into six main categories, specifically identifying those paragraphs of the complaint fitting within each category. Those categories of claims are as follows:

    1. First Amendment claims relating to the plaintiff's exercise of his religious rights as a member of the 5% Nation of Gods and Earths religion.

9

2. Claims relating to the plaintiff's right of access to the courts.

3. Eight Amendment claims relating to threats to and assaults on the plaintiff by prison guards.

4. Fourteenth Amendment due process claims pertaining to the loss, damage, or seizure of the plaintiff's property and relating to his placement in segregation.

5. First Amendment claims relating to plaintiff's receipt of mail, correspondence, books, and other literature.

6. Fourteenth Amendment equal protection claims arising from the perceived unequal treatment of plaintiff as a member of the 5% religion compared to other religious groups.

The magistrate judge also noted that no claims were pled against eleven of the named defendants.[1]

Working from those categories and the complaint, the magistrate judge concluded that a number of the allegations were frivolous, failed to state a claim for relief, or were barred by qualified immunity. Based on those conclusions, he recommended the

---

[1] These defendants were Joe Hopper, Melissa Wallace, C. Warren, Lt. Freeman, Lt. Keene, Lt. Ethridge, Sgt. Martin, Officer J. Lampley, Officer Witherspoon, Officer Willis, and Officer Eddie Jones.

dismissal of certain identified claims and defendants, while others be allowed to proceed. In particular, the magistrate judge recommended the dismissal of those defendants identified above against whom no factual allegations were asserted; that the claims stated in paragraphs 6, 7, 10, 11, 12, 13, 14, 15, 16, 29, 31, 33, 35, 36, 37, 45, 48, 50, 52, 53, 54, 55, 56, 57, 64, 67, 68, 69, 70, and 71 all be dismissed as frivolous or for failure to state a claim, resulting in the further dismissal of defendants Sgt. Richburg, Officer King, Officer B. Davis, and Officer Harris; and that a portion of paragraph 8 alleging destruction of the plaintiff's property and a portion of paragraph 75 alleging a refusal to allow plaintiff to go to the law library each be dismissed for failure to state a claim upon which relief could be granted, resulting in the further dismissal of defendants Officer Watts, Officer Willis, and Sgt. Finch. Finally, the magistrate judge recommended that a special report be obtained with respect to the non-frivolous claims set out in the remaining paragraphs of the complaint against defendants Hightower, Lindsey, Brown, Shaver, Waton, Salters, Hardison, Mail Clerk Willis, Dr. Earl Moore, Nagle, Kitzinger, Cook, Price, Thomas, and Bell.

Although the report and recommendation advised plaintiff of his right to file objections to the recommendations, no objections have been filed. Although it appears the plaintiff's copy of the report and recommendation was initially returned to the court, it was re-mailed to him on April 18, 1997, at his new

address. Despite that new mailing, plaintiff has filed nothing further in the nature of objections or a request for additional time to file objections.

Having now carefully reviewed and considered *de novo* the complaint and the magistrate judge's report and recommendation concerning it, the court is of the opinion that the report is due to be and the same is hereby ADOPTED and the recommendations made in it are ACCEPTED. Based on the report and recommendation as adopted by the court, by separate order, the court will dismiss those claims against defendant Hopper, Wallace, Warren, Freeman, Keene, Richburg, Ethridge, Martin, Finch, J. Lampley, Witherspoon, King, B. Davis, Officer Willis, Eddie Jones, and Officer Harris.[2] Further, the order will dismiss with prejudice those claims sought to be stated in paragraphs enumerated hereinabove.

DATED this ___8th___ day of July, 1997.

_____
C. LYNWOOD SMITH, JR.
U.S. DISTRICT JUDGE

---

[2] To the extent the plaintiff attempts to state claims against the defendant only identified as "officials at the WE Donaldson Correctional Facility," he has not adequately named any specific defendants to raise an issue before the court.